IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOURDES SANCHEZ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| CRUZ & SONS TRANSPORTATION, | § | |
| LLC and | § | |
| ORLINTE CRUZ and ANA CRUZ, | § | |
|     Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Lourdes Sanchez, individually and on behalf of all others similarly situated files this Original Complaint, and in support shows the Court the following:

### I.   SUMMARY

1. This is a collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et. Seq. Plaintiff worked for Defendants as a Dispatcher where her primary responsibilities were answering phones and emails, communicating with drivers, and coordinating road service. Plaintiff routinely worked in excess of forty hours per week, but Plaintiff was not properly paid overtime wages for all hours worked in excess of forty hours per workweek.

### II.   PARTIES

2. Plaintiff Lourdes Sanchez is an individual residing in Dallas County, Texas. Her consent to join this lawsuit is attached as "Exhibit A."

3. The Plaintiff and "Class Members" are current and former employees of Defendants whose primary responsibilities included dispatching trucks, coordinating road service, and answering phones and emails.

4. Defendant Cruz & Sons Transportation, LLC is a Texas Limited Liability Company with its principal place of business at 4050 Duncanville Rd., Dallas, Texas 75211, whose members reside at 1714 Cibola Drive Dallas, Texas 75211; and has appointed Orlinte Cruz as its agent for service of process.

5. Defendant Orlinte Cruz is an individual and joint managing member of Cruz & Sons Transportation, LLC and resides in Dallas County at 1714 Cibola Drive Dallas, Texas 75211. During all material times, Mr. Cruz was actively involved in the control and management of Cruz & Sons Transportation, LLC, including the pay methods that are the subject of this action.

6. Defendant Ana Cruz is an individual and joint managing member of Cruz & Sons Transportation, LLC and resides in Dallas County at 1714 Cibola Drive Dallas, Texas 75211. During all material times, Ms. Cruz was actively involved in the management of Cruz & Sons Transportation, LLC, including the pay methods that are the subject of this action.

### III.   JURISDICTION AND VENUE

7. This Court has jurisdiction over this claim because Plaintiff has asserted a claim arising under federal law.

8. Venue is proper in the Northern District of Texas because the events forming the basis of the suit occurred in this District.

### IV.   COVERAGE

9. At all material times, Cruz & Sons Transportation, LLC, Orlinte Cruz, and Ana Cruz ("Defendants") acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff and Class Members.

10. At all times discussed herein, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times discussed herein, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times discussed herein, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), and said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times discussed herein, the Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## V.   FACTUAL FLSA ALLEGATIONS

14. Defendants have had business operations in Texas and its annual gross volume of sales made or business done exceeds $500,000.00 per year.

15. The Plaintiff worked as a dispatcher for Defendants from August 2010 until October 2017.

16. Defendants controlled all aspects of Plaintiff's work. Defendants assigned the work, provided equipment, and set the schedules. Plaintiff was required to adhere to the schedule set by the Defendants. Defendants also dictated the manner in which Plaintiff performed her duties as well as how much Plaintiff was to be paid for performing her duties as a dispatcher.

17. As a dispatcher, Plaintiff's primary duties included answering phones and emails, dispatching trucks, and coordinating road service. Plaintiff's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

18. As a Dispatcher, Plaintiff did not routinely supervise two or more full time employees, or the equivalent thereof. Furthermore, Plaintiff also did not have the ability to hire or fire, nor was her input given any particular weight in such decisions.

19. As a Dispatcher, Plaintiff handled materials in interstate commerce, as well as transported goods in interstate commerce.

20. Plaintiff routinely worked over forty hours per week. However, Plaintiff was not properly paid overtime for all hours worked in excess of forty hours every week in which they work. Defendants knew Plaintiff worked in excess of forty hours per week and allowed and directed her to do so. Further, Defendants paid Plaintiff less than one and a half times the required regular rate of pay for all overtime hours worked in excess of forty hours in each workweek. Instead, Defendants only paid Plaintiff the regular hourly rate for all hours worked, and Defendants refused to pay Plaintiff the appropriate overtime rate for all hours worked in excess of forty hours each workweek.

21. Plaintiff and those similarly situated are entitled to receive overtime wages at one and one half times the regular rate of pay for all hours worked in excess of forty hours per workweek. Defendants were aware of the FLSA's overtime requirements and intentionally chose not to pay Plaintiff or those similarly situated the proper overtime wages. Plaintiff specifically asked Defendants why she was not paid the proper overtime wages. Defendants willfully violated the wage requirements under the FLSA.

## VI.  COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff incorporates the preceding paragraphs by reference.

23. Plaintiff and Class Members performed the same or substantially similar job duties as one another as described in the preceding paragraphs in that the Class Members were other employees responsible for dispatching trucks, coordinating road service, and answering phones and emails. Further, Plaintiff and Class Members were subjected to the same pay provisions in that they were paid under the same pay plan, and were not paid proper overtime wages. In fact, Class Members regularly worked overtime in excess of forty hours a week without being paid one and a half times the regular rate of pay. Accordingly, the Class Members were victimized by Defendants' unlawful pattern and practices and are similarly situated to Plaintiff in terms of job duties and pay provisions.

24. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to receive the compensation for all overtime

hours worked in excess of forty hours per workweek. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

25. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime and minimum compensation with respect to Plaintiff and the Class Members.

### VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

26. Plaintiff incorporates the preceding paragraphs by reference.

27. During the relevant period, Defendants violated the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. § 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as aforesaid, for workweeks longer than 40 hours without compensating employees for their work in excess of forty hours per week at rates no less than one and one half times the regular rate of pay for which they were employed. Defendants have acted willfully in failing to pay Plaintiff and Class Members in accordance with the FLSA.

### VIII. RELIEF SOUGHT

28. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages and lost wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join in the suit);

  b. For an Order awarding Plaintiff (and those who may join the suit) the costs of this action;

  c. For an Order awarding Plaintiff (and those who may join the suit) attorneys' fees;

  d. For an Order awarding Plaintiff (and those who may join the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

  e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**STACY COLE LAW, PC**

/s/ *Tyler Gregston*
**TYLER S. GREGSTON**
Texas Bar No. 24096907
**STACY L. COLE**
Texas Bar No. 24082840

7929 Brookriver Drive, Ste. 605
Dallas, Texas 75247
Tel: (214) 800-5199
Fax: (214) 865-6637
tgregston@stacycolelaw.com

**ATTORNEYS FOR PLAINTIFF**